# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES COLLINS,

    Plaintiff

vs

OHIO DEPT. OF REHABILITATION
AND CORRECTION, et al.,

    Defendants

Case No. 1:04-cv-97

**REPORT AND RECOMMENDATION**
(Watson, J.; Hogan, M.J.)

    This matter is before the Court on defendants' motion for summary judgment (Doc. 41), to which plaintiff has not responded, and on plaintiff's motion to amend the complaint. (Doc. 29).

    A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

    In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v.*

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff is an inmate at the Southern Ohio Correctional Facility (SOCF). He brings this action under 42 U.S.C. § 1983. On February 12, 2004, plaintiff presented his complaint for filing in this Court. (Doc. 1). Thereafter, plaintiff paid the filing fee. (Docket notation of April 8, 2004). On April 27, 2004, the Court sua sponte reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b) and permitted the following claims to proceed: plaintiff's

October 19, 2003 excessive use of force claim against SOCF Officer Messer, Sgt. McCrowskey, and Sgt. Whittman; plaintiff's October 30, 2003 excessive use of force claim against Sgt. McCrowskey and denial of medical care claim against Unknown SOCF RN and Medical Doctor; plaintiff's December 18, 2003 excessive use of force claim against SOCF Officer Daniels, Lt. Turner, and Sgt. Sheppard; and plaintiff's December 19, 2003 through December 23, 2003 deliberate indifference claim against SOCF Officers Bates and Lewis. All other claims and all other defendants were dismissed. (Doc. 8).

Plaintiff filed a complaint against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims on April 9, 2004. (Doc. 41, Exhs. A, B). Plaintiff's Court of Claims complaint is virtually identical to the complaint he filed in this federal court action. The Court of Claims complaint alleges the same causes of action against the same SOCF officials as the instant action. (Compare Doc. 1 with Doc. 41, Exh. B). Plaintiff also filed a "statement of the existence of connected actions" in the Court of Claims, identifying the instant federal lawsuit as an action involving the same claims as raised in the Court of Claims lawsuit. (Doc. 41, Exh. C at 2).

Defendants contend that plaintiff's filing of a lawsuit in the Ohio Court of Claims acts as a waiver of plaintiff's federal court action and that plaintiff's federal court action should therefore be dismissed. In *Leaman v. Ohio Department of Mental Retardation and Development Disabilities,* 825 F.2d 946 (6th Cir. 1987)(en banc), *cert. denied,* 487 U.S. 1204 (1988), the plaintiff sued the Ohio Department of Mental Retardation in the Ohio Court of Claims and also brought a § 1983 action in federal court based on the same alleged acts against individual state employees. Ohio Rev. Code § 2743.02(A)(1) provides that, in

3

exchange for Ohio's waiver of sovereign immunity, a plaintiff who files suit against the state in the Court of Claims waives any cause of action against state officers or employees based on the same acts or omissions. The pertinent provision reads: "[F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. . . ." Ohio Rev. Code § 2743.02(A)(1). The Sixth Circuit held that, under Ohio Rev. Code § 2743.02 (A)(1), filing suit against a state agency in the Ohio Court of Claims waived the plaintiff's cause of action against the individual state employees in federal court. The Court stated, "In providing that an election to sue the state in the Court of Claims results in a complete waiver of any cognate cause of action against individual state officers or employees, the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action based upon state law." 852 F.2d at 952. *See also Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998); *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995), *cert. denied*, 116 S.Ct. 1321 (1996).

In the instant case, plaintiff filed this action in federal court on February 12, 2004, naming several state employees as the defendants. (Doc. 1). On April 9, 2004, plaintiff filed an action in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction basing the action on the same acts and omissions at the heart of his federal action. (Doc. 41, Exh. B). Under *Leaman*, plaintiff's filing of his Court of Claims action waived his federal court action against the defendants in the instant case.

The undersigned notes that an issue may exist as to the voluntariness of the waiver made by plaintiff since he is proceeding pro se in the Court of Claims as well as in this Court.

4

The Court of Appeals in *Leaman* found the waiver in that case to be "knowing, intelligent, and voluntary" because the plaintiff was represented by counsel. *Id.* at 956-57. *See also Turker*, 157 F.3d at 459 (plaintiff did not allege her counsel was incompetent and court must presume that counsel understood meaning of Ohio Court of Claims Act). There appear to be differing opinions in this Circuit as to whether a defendant must show that the plaintiff was familiar with the provisions of the Court of Claims Act, and that he knowingly, intelligently, and voluntarily waived his right to sue the defendant in federal court. Compare *Egisimba v. Ohio Dept. of Rehabilitation and Correction*, 999 F.2d 539 (6th Cir. 1993)(unpublished), 1993 W.L. 262545 (waiver applied despite plaintiff's pro se status); *Ledger v. Horn*, C-1-89-0163 (S.D. Ohio March 4, 1991)(Spiegel, J.), *aff'd*, 948 F.2d 1289 (6th Cir. 1991), 1991 W.L. 235760 (same); *Williams v. Sears*, C-1-92-914 (S.D. Ohio March 4, 1994)(Spiegel, J.)(same), with *Smith v. Duncan*, 98 F.3d 1342 (6th Cir. 1996)(unpublished), 1996 W.L. 583413 (complaint not barred under *Leaman* because pro se plaintiff did not "knowingly, intelligently, and voluntarily" waive his right to sue defendants in federal court); *Russell v. Heineman*, 992 F.2d 1217 (6th Cir. 1993)(unpublished), 1993 W.L. 140985 (same); *Perotti v. Seiter*, 849 F.2d 609 (6th Cir. 1988)(unpublished), 1988 W.L. 60708 (distinguished *Leaman* because plaintiff pro se).

In *Ledger v. Horn*, C-1-89-0163 (S.D. Ohio March 4, 1991)(Spiegel, J.), *aff'd*, 948 F.2d 1289 (6th Cir. 1991), 1991 W.L. 235760, this Court held, "The fact that the plaintiff in this action was proceeding pro se does not relieve him from that waiver." *Ledger*, slip op. at 2, citing *Turner v. Kennedy*, Case No. C-3-89-7241 (N.D. Ohio July 13, 1990). The Court stated, "The use of the word 'any' in the statute is unambiguous, and acts as a waiver of a

5

cause of action brought in federal court pursuant to 42 U.S.C. § 1983." *Id.*

In this case, plaintiff has not challenged the voluntariness of his waiver. The facts before this Court indicate the waiver in this case was made knowingly, intelligently, and voluntarily. Plaintiff has actively pursued his Court of Claims action which is still pending. He filed a "statement of existence of connected cases" acknowledging his pursuit of the same claims in both courts. By filing and continuing to pursue his Court of Claims action he has knowingly, intelligently, and voluntarily waived his right to sue in federal court. Therefore, plaintiff's pro se status in this case does not bar the application of *Leaman*.

Accordingly, plaintiff's federal action is barred because he filed a complaint in the Ohio Court of Claims, thereby waiving his right to institute an action in this Court. Plaintiff's Court of Claims action is still pending and he may pursue his claims for relief in that court. Defendants' motion for summary judgment should therefore be granted.

The Court also notes that while plaintiff has served only three defendants in this federal court action, the Court's decision applies equally to all defendants.

Plaintiff's motion to amend the complaint (Doc. 29) seeks to add information from his Court of Claims case in this action. Not only is this an improper basis for amending the complaint, the reasoning of *Leaman* likewise precludes amendment on this basis. Therefore, plaintiff's motion to amend the complaint should be denied.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' for summary judgment (Doc. 41) be **GRANTED**.

2. Plaintiff's motion to amend the complaint (Doc. 29) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

4. This matter be closed on the docket of the Court.

Date: 2/10/05

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>James Collins<br>#288-920 SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 1077 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:04 cv 97  doc. #52