UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Collins,

    Plaintiff,

v.

Ohio Department of Rehabilitation
and Correction, et al.,

    Defendants.

Case No. 1:04cv97

Judge Michael H. Watson

# ORDER ADOPTING MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the Court is the February 10, 2005 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 52) regarding Defendants' Motion for Summary Judgment (Doc.41); and Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 29)

Plaintiff brings a claim under 42 U.S.C. § 1983 based on excessive use of force, denial of medical care, and deliberate indifference.

A.    The Magistrate's Report and Recommendation.

In the R&R, the Magistrate recommends granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Leave to File an Amended Complaint. The Magistrate found that in accordance with *Leaman v. Ohio Department of Mental Retardation and Development Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1204 (1988), Plaintiff's federal action was barred because he filed a complaint in the Ohio Court of Claims based on the same acts and omissions at the heart

of his federal action. The Magistrate found that Plaintiff voluntarily waived his right to institute an action in this Court. The Magistrate stated that this finding applied equally to all Defendants. As to Plaintiff's Motion for Leave to File and Amended Complaint, the Magistrate noted that Plaintiff seeks to add information from his Court of Claims case in this action. The Magistrate found that this was an improper basis for amending the Complaint, and this amendment would also be precluded by *Leaman*.

B.  Objections to the Report and Recommendation.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed Objections to the R&R (Doc. 54) and filed additional documents. (Docs. 59, 61, 62, 63, 64, 65, 66) Defendants filed a Response to Plaintiff's Objections. (Doc. 56)

In his Objections, Plaintiff argues that a denial of his right to file an appeal is unconstitutional. Plaintiff states that his Complaint was filed in good faith, and genuine issues exist as to constitutional violations. Plaintiff argues that Defendants should be held in contempt of court and are guilty of obstructing justice, but provides no details in this regard. Plaintiff cites to past occurrences of retaliation and harassment. Plaintiff has also submitted documents showing notice to Defendants of a telephone conference with Judge Fred J. Shoemaker and Magistrate Steven A. Larson on June 29, 2005; affidavits stating his desire to attend the same conference; and a document referring to media reports and other cases of excessive use of force, police brutality, assault, abuse, murder, and wrongful death.

Defendants respond by stating that Plaintiff's objections fail to provide any basis to overrule the R&R.

C. <u>Analysis</u>.

Ohio conditions the filing of suit against it in the Court of Claims on the plaintiff waiving any cause of action based upon the same act or omission that might be filed against a State officer or employee. Ohio Rev.Code § 2743.02(A)(1). In *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1204 (1988), the Sixth Circuit held that this statute put all claimants who wish to take advantage of the state's voluntary waiver of sovereign immunity on notice that by proceeding in the Court of Claims, the claimants themselves "waive any cognate claims they might have against the state's employees." However, the waiver must be knowing, intelligent, and voluntary. *Id.* at 956. As the Magistrate noted, there are differing opinions in this Circuit as to whether a defendant must show that the plaintiff was familiar with the provisions of the Court of Claims Act, and that he knowingly, intelligently, and voluntarily waived his right to sue the defendant in federal court. *See also Kajfasz v. Haviland*, 55 Fed.Appx. 719, 722 (6th Cir. 2003) (unpublished) (holding that there can be no presumptive finding that *pro se* plaintiff knowingly, intelligently, and voluntarily waived his § 1983 claim in federal court when he filed suit in the Ohio Court of Claims).

Here, the Magistrate found that Plaintiff has not challenged the voluntariness of his waiver, and his *pro se* status does not bar application of *Leaman*. The Court agrees. There is nothing in the record or Plaintiff's Objections to the R&R which indicates that he was unaware of the consequences of filing suit in the Ohio Court of Claims. *Cf. Kajfasz*, 55 Fed.Appx. at 721. Moreover, as the Magistrate noted, Plaintiff has actively pursued his

Court of Claims action while pursuing his section 1983 claim in this Court. Plaintiff has filed a "statement of existence of connected cases," which acknowledges his pursuit of the same claims in both courts. Therefore, the Court finds that Plaintiff's waiver of his right to sue Defendants in federal court was knowing, intelligent, and voluntary.[1]

In his Objections, Plaintiff states that a denial of his right to file an appeal is unconstitutional. However, as recognized by the Sixth Circuit in *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), 28 U.S.C. § 1915(a)(3) states that a district court must determine in writing whether a request to appeal *in forma pauperis* is taken in good faith. This determination does not prohibit an appeal itself, but precludes a plaintiff from obtaining *in forma pauperis* status on appeal.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the February 10, 2005 Magistrate Judge's Report and Recommendation is hereby **ADOPTED**.

It is **ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc.41) is **GRANTED**;

2. Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 29) is **DENIED**;

3. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith; and

---

[1] Based on this ruling, it is unnecessary for the Court to address Plaintiff's statement that his Complaint was filed in good faith, and genuine issues exist as to constitutional violations.

4.     This matter shall be closed on the docket of the Court.

                                                        */s/ Michael H. Watson*
                                                 Michael H. Watson, Judge
                                                 United States District Court